UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

|  |  |  |
|---|---|---|
| DAMIAN SANTOS-GARCIA,<br>SIMON GUZMAN-ROMERO,<br>TOMAS HERNANDEZ-SILVERIO, and<br>GUILLERMO MARTINEZ-HERNANDEZ ,<br>individually and on behalf of all other persons<br>similarly situated, | ) ) ) ) ) ) ) | Civil Action No._____ |
| Plaintiffs, | ) ) | **CLASS ACTION** |
| vs. | ) ) | |
| JACKSON CITRUS INC., | ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT FOR DAMAGES, COSTS OF LITIGATION AND ATTORNEY'S FEE

### PRELIMINARY STATEMENT

1.  This is an action by four migrant farmworkers who were employed by Defendant Jackson Citrus, Inc. ("Jackson Citrus") picking citrus fruit in southwest Florida during the 2013-14 harvest season. On behalf of themselves and their co-workers, the Plaintiffs bring this action to secure and vindicate rights afforded them by the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"), federal regulations governing the temporary foreign agricultural worker program, 20 C.F.R. §§655.100, *et seq.*, and common law.

2.  The Plaintiffs claim that Defendant Jackson Citrus failed to pay them minimum wages as required by the FLSA for their work picking oranges. In addition, in contravention of federal regulations and the workers' employment contracts, Jackson Citrus paid the Plaintiffs and their

co-workers only their piece-rate earnings, which routinely fell below the minimum wage levels dictated by the H-2A regulations.

3.   The Plaintiffs seek to recover their unpaid wages, actual, liquidated, consequential and compensatory damages and pre- and post-judgment interest.   The Plaintiffs also seek a reasonable attorney's fee pursuant to 29 U.S.C. §216(b), and §448.08, Fla. Stat.

## JURISDICTION

4.   Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1331, this action arising under the laws of the United States and presenting state law claims that implicate significant federal issues; by 28 U.S.C. §1337, this action arising under the Acts of Congress regulating commerce; and by 28 U.S.C. §1367, providing for supplemental jurisdiction over the common law claims.

5.   This Court has supplemental jurisdiction over the claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

## VENUE

6.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c). Jackson Citrus is based in this district and the cause of action arose within this district.

## PARTIES

7.   Plaintiffs Damian Santos-Garcia, Simon Guzman-Romero, Tomas Hernandez-Silverio, and Guillermo Martinez-Hernandez are citizens of Mexico who reside in the Mexican state of Veracruz. Each of them was admitted to the United States on a temporary basis pursuant to 8

- 2 -

U.S.C. §1101(a)(15)(H)(ii)(a) to work for Jackson Citrus during the 2013-14 Florida citrus harvest.

8.   At all times relevant to this action, the Plaintiffs were employed in the production of citrus fruit for interstate commerce, within the meaning of the FLSA.

9.   Defendant Jackson Citrus is a Florida corporation headquartered in LaBelle, Florida.  At all times relevant to this action, Jackson Citrus employed the Plaintiffs and the other class members within the meaning of the FLSA, 29 U.S.C. §203(d).  At all times relevant to this action, Defendant Jackson Citrus was an employer of the Plaintiffs and the other class members within the meaning of 20 C.F.R. §655.103(b). Jackson Citrus hired the workers, directed and supervised their daily work activities, assigned them their tasks on a daily basis and paid the workers their wages for their labor.

## STATEMENT OF FACTS

10. An agricultural employer in the United States may import aliens to perform labor of a temporary nature if the U.S. Department of Labor certifies that (1) there are insufficient available workers within the United States to perform the job, and (2) the employment of aliens will not adversely affect the wages and working conditions of similarly-situated U.S. workers.  8 U.S.C. §§1101(a)(15)(H)(ii)(a) and 1188(a)(1).  Aliens admitted in this fashion are commonly referred to as "H-2A workers."

11. Agricultural employers seeking the admission of H-2A workers must first file a temporary labor certification application with the U.S. Department of Labor. 20 C.F.R. §655.130. This application must include a job offer, commonly referred to as a "clearance order" or "job order," complying with applicable regulations, on form ETA 790. These regulations

establish the minimum benefits, wages, and working conditions that must be offered in order to avoid adversely affecting similarly-situated U.S. workers.  20 C.F.R. §655.121. Among these terms are the following:

(a)    A promise to pay all workers of at least the applicable adverse effect wage rate for every hour or portion thereof worked during a pay period.  20 C.F.R. §655.122(i). The applicable adverse effect wage rate for Florida was $9.97 per hour from January 8, 2013 through January 5, 2014, and $10.26 per hour from January 6, 2014 through the conclusion of the 2013-14 harvest;

(b)    An assurance that the employer will keep accurate and adequate records with respect to the workers' earnings and all deductions from wages and the reasons therefor.  20 C.F.R. §655.122(j)(1);

(c)    An assurance that the employer will furnish to the worker each payday a hours and earnings statement listing the hours offered and worked and itemizing all deductions from wages.  20 C.F.R. §655.122(k);

(d)    An assurance that the employer will abide by the requirements of 20 C.F.R. §653.501, including the provisions of 20 C.F.R. §653.501(d)(4) mandating compliance with state minimum wage laws;

(e)    A promise to provide or pay for the inbound transportation and subsistence of those workers who complete the first half of the job contract, 20 C.F.R. §655.122(h)(1); and

(f)    A promise to provide or pay for the outbound transportation and subsistence of each worker who completes the work contract period. 20 C.F.R. §655.122(h)(2).

12. Prior to the commencement of the 2013-14 southwest Florida citrus harvest, Jackson Citrus contracted with various citrus growers to furnish farmworkers to harvest citrus fruit on the growers' operations in southwest and south central Florida.

13. Because of the lack of available documented workers in the area, Jackson Citrus applied to employ temporary foreign workers through the H-2A program. This application sought admission of 154 workers for employment from November 26, 2013 through June 1, 2014.

14. As part of its temporary labor certification application described in Paragraph 13, Jackson Citrus submitted to the United States Department of Labor a clearance order in which it certified that the order described the actual terms and conditions of employment being offered and contained all material terms and conditions of the job, as required by 20 C.F.R. §653.501(d)(3). The essential terms of the clearance order were dictated by federal regulations at 20 C.F.R. §§653.501, 655.121, and 655.122.

15. The United States Department of Labor accepted Jackson Citrus' temporary labor certification application and clearance order as described in Paragraphs 13 and 14 and circulated the clearance order to local job service offices in an effort to recruit U.S. workers to fill the positions offered.  When these efforts failed, the Department of Labor certified a shortage of labor for all of the openings described in Jackson Citrus' clearance order.  The United States Department of State issued H-2A visas to fill the manpower needs described in the Jackson Citrus' clearance order.

16. Jackson Citrus' clearance order explicitly and implicitly incorporated the Department of Labor regulations at 20 C.F.R. §655 Subpart B, including the terms described in Paragraph 11 of this Complaint.

17. Jackson Citrus recruited the Plaintiffs and the other class members in Mexico to fill the positions described in its clearance order.

18. The clearance order served as the work contract between Jackson Citrus and the H-2A workers recruited (including the Plaintiffs), pursuant to 20 C.F.R. §655.122(q). Jackson Citrus' clearance order governed the employment between the company and all members of the class, including the Plaintiffs.

19. Following their recruitment, the Plaintiffs and the other class members traveled at their own expense from their respective homes to Nuevo Laredo, Tamaulipas, Mexico to apply for H-2A visas. Each worker paid a visa application fee of $190. The Plaintiffs and the other class members also incurred lodging expenses while they remained in Nuevo Laredo, waiting for their H-2A visa applications to be processed. At the U.S./Mexico border, the Plaintiffs and the other class members each paid U.S. immigration officials a fee of $6 for issuance of Form I-94 as a prerequisite for entering the United States.

20. The Plaintiffs and the other class members incurred transportation and subsistence expenses in traveling from their homes in Veracruz, Mexico to Nuevo Laredo, and from Nuevo Laredo to Jackson Citrus' jobsite in Florida.

21. The pre-employment expenses the Plaintiffs and the other class members incurred as described in Paragraphs 19 and 20, were primarily for the benefit of the Defendant, within the meaning of the FLSA, 29 C.F.R. §§531.32(c) and 778.217. Jackson Citrus did not fully reimburse the Plaintiffs for these expenditures to the extent that these pre-employment costs brought the workers' individual first week's earnings below the FLSA and Florida minimum wages and the adverse effect wage rate.

22. Jackson Citrus failed to fully reimburse the Plaintiffs for the cost of the transportation from their homes to the company's worksite, as well as their subsistence expenses *en route,* as required by 20 C.F.R. §655.122(h)(1).

23. The Plaintiffs and the other class members worked picking citrus fruit with the Jackson Citrus crew at various points during the 2013-14 harvest season, performing the tasks set out in the company's clearance order.    The Plaintiffs and the other class members were compensated for this labor on a piece-rate basis, based on the number of tubs of fruit they harvested.

24.   Jackson Citrus failed to pay the Plaintiffs and the other class members wages at least equal to the adverse effect wage rate for their work during the 2013-14 citrus harvest.

25. Jackson Citrus' failure to pay the adverse effect wage rate as described in Paragraph 24 resulted in part from its failure to credit the Plaintiffs and the other class members with all hours worked.   Among other things, Jackson Citrus routinely and systematically underreported the compensable hours the Plaintiffs and other class members spent picking fruit in an effort to minimize the amount of supplemental wages owed to boost the workers' piece-rate earnings to the adverse effect wage rate.

26. Jackson Citrus failed to keep accurate and adequate records as required by 20 C.F.R. §655.122(j) with respect to the work of the Plaintiffs and other class members during the 2013-14 harvest season.  Among other things, Jackson Citrus did not accurately record the number of compensable hours worked each day and the time work began and ended each day.

27. Jackson Citrus failed to furnish to the Plaintiffs and other class members hours and earnings statements meeting the requirements of the H-2A regulations, 20 C.F.R. §655.122(k).

Among other things, the hours and earnings statements furnished to the Plaintiffs and other class members did not accurately reflect the hours actually worked or the hours offered.

28.  Jackson Citrus failed to provide or pay for the full cost of the return transportation to Mexico and subsistence *en route* for the Plaintiffs and the other class members who completed the harvest season.

## CLASS ACTION ALLEGATIONS

29. All claims set forth in Counts II and III are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30. The Plaintiffs seek to represent a class consisting of all H-2A temporary foreign workers who were employed pursuant to the temporary labor certification issued to Jackson Citrus, Inc. for work during the 2013-14 Florida citrus harvest.

31. The class members are so numerous and so geographically dispersed as to make joinder impracticable.  The precise number of individuals in the class is known only to the Defendant. However, the class is believed to include at least 100 individuals. The class is comprised of indigent migrant workers who are citizens of Mexico. The class members are not fluent in the English language and are unfamiliar with the American judicial system. The relatively small size of the individual claims and the indigence of the subclass members make the maintenance of separate actions by each subclass member economically infeasible.

32. There are questions of law and fact common to the class.  These common legal and factual questions include whether Jackson Citrus failed to pay the class members the contractually-required AEWR for all compensable hours worked; whether Jackson Citrus failed

to maintain complete and accurate records regarding the work of members of the class; whether Jackson Citrus failed to provide the members of the class with wage statements on conformity with the H-2A regulations; and whether Jackson Citrus violated its contracts with the class members by failing to pay the class members wages as mandated by federal regulations governing the H-2A program.

33. The claims of the Plaintiffs are typical of those of the other class members and these typical, common claims predominate over any questions affecting only individual class members. The Plaintiffs have the same interests as do other members of the class and will vigorously prosecute these interests on behalf of the class.

34. The Plaintiffs will fairly and adequately represent the interests of the class. The Plaintiffs have the same interests as do the other members of the class and will vigorously prosecute these interests on behalf of the class.

35. Counsel for the Plaintiffs are experienced in litigating actions by H-2A workers to enforce their rights under their employment contracts and have handled numerous class actions in the federal courts, including class actions on behalf of H-2A workers presenting claims similar to those presented in this action. The Plaintiffs' counsel are prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the class members under Rule 23(b)(3).

36. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

a.      The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

b.      Many members of the class are unaware of their rights to prosecute these claims and/or lack the means or resources to secure legal assistance;

c.      There has been no litigation already commenced against the Defendant by the members of the class to determine the questions presented;

d.      It is desirable that the claims be heard in this forum because the Defendant resides in this district and the acts giving rise to the causes of action arose in this district; and

e.      A class action can be managed without undue difficulty because Jackson Citrus regularly committed the violations complained of herein, and was required to maintain detailed records concerning each member of the class.

## CLAIMS FOR RELIEF

### COUNT I
### (FAIR LABOR STANDARDS ACT)

37. This count sets forth a claim for damages by the Plaintiffs for Jackson Citrus' violations of the minimum wage provisions of the FLSA.

38. Jackson Citrus violated the minimum wage provisions of the FLSA, 29 U.S.C. §206(a), by failing to pay Plaintiffs Damian Santos-Garcia, Simon Guzman-Romero, Tomas Hernandez-Silverio, And Guillermo Martinez-Hernandez at least $7.25 for every compensable hour during each workweek during the 2013-14 citrus harvest.

39. The violations of the FLSA as set out in Paragraph 38 resulted in part from Jackson Citrus' failure to supplement the Plaintiffs' piece-rate earnings to a rate equal to or exceeding the FLSA minimum wage. The violations of the FLSA also resulted from Jackson Citrus' practice of underreporting the hours worked by the Plaintiffs as described in Paragraph 25.

40. The violations of the FLSA as set out in Paragraph 38 resulted in part from Jackson Citrus' failure to reimburse the Plaintiffs during their first week of employment for facilities primarily benefitting the Defendant, including the lodging expenses in Nuevo Laredo, visa-related expenses, fees for issuance of Form I-94, and the full costs of the Plaintiffs' travel from their homes to the area of Jackson Citrus' jobsite.

41.   As a consequence of Jackson Citrus' violations of the FLSA as set out in this count, each of the Plaintiffs is entitled to recover his unpaid minimum wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF H-2A REGULATIONS

### (Class Claim)

42. This count sets forth a claim by the Plaintiffs and the other class members against the Defendant for its violations of the regulations governing the temporary foreign agricultural worker (H-2A) program.

43. Despite providing assurances to the United States Department of Labor through its temporary labor certification application that the proffered employment would conform to the regulations governing the temporary foreign agricultural worker program, Jackson Citrus violated these regulations in a number of material respects in its employment of the Plaintiffs and the other class members. Among other things:

a.  Jackson Citrus violated the Fair Labor Standards Act by failing to reimburse the Plaintiffs and the other class members during their first week of employment for expenses they had incurred which primarily benefitted the Defendant to the extent that these pre-employment costs brought the workers' individual first week's wages below the FLSA minimum wage. Among these expenses were visa application and issuance fees, travel from the workers' respective hometowns to United States Consulate in Nuevo Laredo, lodging expenses incurred during the pendency of the adjudication of the workers' visa applications, travel from Nuevo Laredo to Florida and charges for the issuance of arrival/departure document I-94 at the United States/Mexico border; to the extent that these pre-employment costs brought the workers' individual first week's wages below the FLSA minimum wage.

- 12 -

b.  Jackson Citrus failed to fully reimburse the Plaintiffs and those class members who completed the first half of the contract period for the full cost of the transportation from their homes to Jackson Citrus' worksite, as well as their subsistence expenses *en route*;

c.  Jackson Citrus failed to pay the Plaintiffs and the other class members wages during each pay period at least equal to the adverse effect wage rate;

d.  Jackson Citrus failed to keep accurate and adequate records with respect to the work of the Plaintiffs and the other class members;

e.  Jackson Citrus failed to furnish to the Plaintiffs and other class members hours and earnings statements meeting the requirements of the federal regulations governing the H-2A program; and

f.  Jackson Citrus failed to provide or pay for the full cost of the return transportation to Mexico and subsistence *en route* for those Plaintiffs and other class members who completed the harvest season.

44.    As a direct consequence of Jackson Citrus' violations of the regulations governing the temporary foreign worker program as set forth in this count, the Plaintiffs and the other class members have suffered economic injury.

## COUNT III
## BREACH OF EMPLOYMENT CONTRACT

### (Class Claim)

45.   This count sets forth a claim by the Plaintiffs and the other class members against Jackson Citrus for its breach of its employment contracts with the Plaintiffs and the other class members as embodied in the company's clearance order.

46.   Jackson Citrus promised the Plaintiffs and the other class members employment on specific terms and conditions, as set out in the company's clearance order, which served as the employment contract between the parties

47.   Jackson Citrus breached its employment contracts with the Plaintiffs and the other class members by providing terms and conditions of employment that were materially different from those set out in the clearance order, including the following:

a.   The workers were not paid at least the applicable adverse effect wage rate for their labor;

b.   Jackson Citrus did not provide inbound transportation and subsistence expenses as required by federal regulations;

c.   Jackson Citrus failed to maintain payroll records accurately recording the hours worked by Plaintiffs and the other class members;

d.   The wage statements furnished to the Plaintiffs and the other class members each pay period did not accurately show the hours actually worked and omitted data as to the number of hours offered; and

e.   Jackson Citrus failed to provide or pay for the full cost of the return transportation to Mexico and subsistence *en route* for those Plaintiffs and the other class members who completed the harvest season.

- 14 -

48.    As a direct consequence of Jackson Citrus' breaches of their employment contracts as set out in this count, the Plaintiffs and the other members of the class have suffered economic injury.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court enter an order:

A.     Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Counts II and III;

B.     Granting judgment in favor the Plaintiffs on their FLSA claims as set forth in Count I, and awarding each of them the amount of his unpaid minimum wages and an equal amount as liquidated damages;

C.     Granting judgment in favor of the Plaintiffs and the other members of the class on their claims for violations of the regulations governing the H-2A program as set forth in Count II and awarding each of these workers his actual and compensatory damages;

D.     Granting judgment in favor of the Plaintiffs and the other members of the class on their contract claims as set forth in Count III and awarding each of these workers his actual and compensatory damages;

E.     Awarding the Plaintiffs a reasonable attorney's fee pursuant to 29 U.S.C. §216 and §448.08 Fla. Stat.;

F.     Awarding the Plaintiffs the costs of this action; and

G.     Granting such further relief as this Court deems just and appropriate.

Respectfully submitted,

Victoria Mesa
Florida Bar Number 076569
e-mail: victoria@floridalegal.org

Gregory S. Schell
Florida Bar Number 287199
e-mail: greg@floridalegal.org

Migrant Farmworker Justice Project
Florida Legal Services, Inc.
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone:     (561) 582-3921
Facsimile:     (561) 582-4884

*Attorneys for Plaintiffs*