UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAMIAN SANTOS-GARCIA,
SIMON GUZMAN-ROMERO,
TOMAS HERNANDEZ-SILVERIO, and
GUILLERMO MARTINEZ-HERNANDEZ,
individually and on behalf of all other persons similarly situated,

    Plaintiffs,

v.

JACKSON CITRUS INC.,

    Defendant.

Case No. 2:14-cv-00603-SPC-CM

### PROPOSED SETTLEMENT AGREEMENT, FULL AND FINAL RELEASE COVERING ALL CLAIMS AND RIGHTS OF EVERY DESCRIPTION, AND COVENANT NOT TO SUE

This Proposed Settlement Agreement, Full and Final Release Covering All Claims and Rights of Every Description, and Covenant Not to Sue (hereinafter referred to as "Agreement"), is entered into by and between:

a)     Jackson Citrus, Inc., and each of its present, past, and future affiliates, predecessors, successors, assigns, insurers, owners, partners, joint venturers, shareholders, servants, officers, directors, board or governing members, employees, agents, principals, relatives, spouses, representatives, beneficiaries, alter egos and attorneys (hereinafter referred to as "Jackson Citrus");

b) Damian Santos-Garcia, Simon Guzman-Romero, and Guillermo Martinez (collectively herein, "Plaintiffs");[1]

c) Roberto Licona Montiel, Arcadio Santiago Ramirez, Jesus Montoya Bocanegra, and Alejandro Vasquez Garcia (collectively "Claimants"), who have asserted an interest in pursuing legal claims similar to the Plaintiffs' asserted claims; and

d) Jose M. Cardenas Sanchez, Andalecio Garcia Rosales, Daniel Garcia, Armando Maldonado Pichardo, Lucio Manriquez Perez, Melecio Martinez Rodriguez, Arturo Perez Hernandez, Angel Paredes Perez, J. Margarito Paredes Perez, Gerardo Rodriguez Patiño, Sergio Rodriguez Patiño, Guadalupe Morales Martinez, and Fabian Vazquez Montoya (collectively, "Extra Claimants"), who have also asserted an interest in pursuing legal claims similar to the Plaintiffs' asserted claims.

WHEREAS, the Plaintiffs have filed a Complaint For Damages, Declaratory Relief, Costs of Litigation, and Attorneys' Fees ("Complaint") against Jackson Citrus in the United States District Court for the Middle District of Florida, Ft. Myers Division, Case Number 2:14-cv-00603-SPC-CM ("*Santos-Garcia* litigation"), alleging violations of the federal regulations under the H-2A Program and violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.*, ("FLSA"), during the 2013-2014 Florida citrus harvest season (all of which claims have been denied by Jackson Citrus); and

---

[1] Plaintiff Tomas Hernandez Silverio's claims were dismissed by the Court on April 30, 2015 (DE 26).

WHEREAS, during the course of the limited discovery, the Claimants and Extra Claimants were identified by Plaintiffs' counsel as having legal claims similar to those of the Plaintiffs for the 2013-2014 and/or 2014-2015 south central Florida citrus harvest(s); and

WHEREAS, the Plaintiffs, Claimants, Extra Claimants, and Jackson Citrus, on behalf of themselves and their respective representatives and assigns, desire to fully and completely resolve amicably, completely, and forever all of the claims and disputes between them arising out of the Plaintiffs, Claimants, and Extra Claimants' employment by Jackson Citrus during the 2013-2014 and 2014-2015 Florida citrus harvests without additional delay and without the expenses occasioned by further federal court litigation; and

WHEREAS, by its terms this is a proposed settlement of the *Santos-Garcia* litigation, which is contingent upon the Court's approval of the terms of this Agreement since it purports to resolve the alleged unpaid wage claims brought by the Plaintiffs under the FLSA.

THEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. Upon approval by the Court, consistent with the terms and chronology of events as set forth in the parties' Joint Motion For Approval of Proposed Settlement, the Court's approval of this proposed Agreement and final dismissal of the Plaintiffs, Claimants and Extra Claimants' claims, with prejudice, and in consideration for the

promises as described below of the Plaintiffs in the *Santos-Garcia* litigation, the Claimants and Extra Claimants with asserted legal claims similar to the claims of the Plaintiffs, Jackson Citrus agrees to pay:

    a.    A total of up to Twenty-Nine Thousand and Two Hundred Dollars ($29,200.00) ("Settlement Proceeds"), which shall be distributed and disbursed to the trust account of Florida Legal Services, Inc., which shall bear the responsibility to hold the Settlement Proceeds in said trust account until the various Plaintiffs, Claimants, and Extra Claimants in the *Santos-Garcia* litigation timely execute and return individual releases in the form attached as Exhibit A. Florida Legal Services, Inc., shall be responsible for distributing and disbursing the Settlement Proceeds to those Plaintiffs, Claimants, and Extra Claimants in the *Santos-Garcia* litigation who timely execute and return the individual releases in the form attached as Exhibit A. As a timely release is received from a Plaintiff, Claimant or Extra Claimant, and upon transmittal of said release to Jackson Citrus' counsel, Florida Legal Services, Inc. shall pay to the individual Plaintiff, Claimant or Extra Claimant the amount due him as set out in Paragraph 2. To be considered timely, such individual releases must be executed and returned to the undersigned counsel for Jackson Citrus by no later than twelve (12) months following the date of the Court's final order approving

the parties' proposed settlement in the *Santos-Garcia* litigation. The Plaintiffs, Claimants, and Extra Claimants who timely execute and return such individual releases shall be paid the designated amount of Settlement Proceeds as shown in Paragraph 2 below, and such payments shall constitute full and complete payment for any and all damages of whatever kind the Plaintiffs, Claimants, and/or Extra Claimants have, claim to have, or may in the future claim to have had against Jackson Citrus with regard to their employment during the 2013-2014 and/or 2014-2015 Florida citrus harvest(s). The Plaintiffs, Claimants, or Extra Claimants who fail to timely return individual releases as outlined above shall not participate in the distribution of Settlement Proceeds, and any unclaimed Settlement Proceeds shall be paid to Centro Internacional de Asesoría al Movimiento Migrante, a non-governmental organization in Zacapu, Michoacan, Mexico advocating for the rights of Mexican guestworkers in the United States; and

b. The total of Three Thousand Dollars ($3,000.00) ("Litigation Costs") to Florida Legal Services, Inc., for its attorney's fees and costs associated with the *Santos-Garcia* litigation, payable within thirty (30) days following the Court's final approval of the parties'

proposed settlement in the *Santos-Garcia* litigation and issuance of a final order of dismissal, with prejudice.

2. Upon timely receipt of executed individual releases as described in Paragraph 1(a) above, it shall be the responsibility of the Plaintiffs, Claimants, and Extra Claimants' legal counsel to distribute and disburse the Settlement Proceeds. The Plaintiffs, Claimants, and Extra Claimants who timely execute individual releases from their settlement in the *Santos-Garcia* litigation agree to bear full and complete responsibility for the respective tax consequences associated with the terms of this settlement, if any, and accordingly, no tax withholdings will be made from the Settlement Proceeds being made to eligible Plaintiffs, Claimants, and Extra Claimants under the terms of this Agreement. The individual amounts due to those Plaintiffs in the *Santos-Garcia* litigation, and Claimants and Extra Claimants with similar legal claims, who timely execute and return individual releases shall be paid from the Settlement Proceeds deposited in the trust account of counsel for Plaintiffs, Claimants, and Extra Claimants as follows:

| Name | Individual Amount |
|---|---|
| Simon Guzman Romero | $1,140.86 |
| Guillermo Martinez Hernandez | $1,294.51 |
| Roberto Licona Montiel | $1,237.94 |
| Arcadio Santiago Hernandez | $1,488.56 |
| Jesus Montoya Bocanegra | $2,100.00 |

| | |
|---|---|
| Alejandro Vasquez Garcia | $2,400.00 |
| Damian Santos Garcia | $1,838.13 |
| Jose M. Cardenas Sanchez | $1,200.00 |
| Andalecio Garcia Rosales | $1,200.00 |
| Daniel Garcia | $1,200.00 |
| Armando Maldonado Pichardo | $2,400.00 |
| Lucio Manriquez Perez | $1,200.00 |
| Melecio Martinez Rodriguez | $1,200.00 |
| Guadalupe Morales Martinez | $2,100.00 |
| Arturo Perez Hernandez | $1,200.00 |
| Angel Paredes Perez | $1,200.00 |
| J. Margarito Paredes Perez | $1,200.00 |
| Gerardo Rodriguez Patiño | $1,200.00 |
| Sergio Rodriguez Patiño | $1,200.00 |
| Fabian Vasquez Montoya | $1,200.00 |

3. The allocation of Settlement Proceeds as described in Paragraph 2 above has been calculated exclusively by counsel for the Plaintiffs, Claimants, and Extra Claimants. The Plaintiffs' counsel in the *Santos-Garcia* litigation shall be responsible for transmitting to and obtaining back from each Plaintiff, Claimant, and Extra Claimant a signed individual release of claims in the form attached hereto as Exhibit A, for timely returning a copy of the executed individual releases to the undersigned counsel for

Jackson Citrus, and for delivering individual Settlement Proceeds to eligible Plaintiffs, Claimants, and Extra Claimants. Florida Legal Services, Inc. agrees to hold Jackson Citrus harmless from any and all liability or claims arising out of the manner in which allocated amounts of Settlement Proceeds were determined to be due to the Plaintiffs in the *Santos-Garcia* litigation, and the Claimants and Extra Claimants with legal claims similar to the Plaintiffs, under the terms of this Agreement.

4. The parties shall bear their own respective costs and attorney's fees in carrying out the terms and conditions of this Agreement, except as noted above with respect to the Litigation Costs to be paid to the Plaintiffs, Claimants, and Extra Claimants' legal counsel for fees and costs.

5. The parties agree that the payment of the sums set out in Paragraphs 1(a) and 2(a) are based on the claims of each Plaintiff, Claimant and Extra Claimant for matters other than minimum wage deficiencies under the Fair Labor Standards Act. These claims include, but are not limited to, alleged breaches by Jackson Citrus of its employment contract with the workers, as well as claims under the minimum wage provisions of the Florida Constitution, as implemented through the Florida Minimum Wage Act. During the course of this litigation, the Plaintiffs' counsel had the opportunity to review payroll and timekeeping information relating to Jackson Citrus' employment of the Plaintiffs, the Claimants and the Extra Claimants. Having reviewed these data and discussed them with their clients, the Plaintiffs' counsel has concluded that to the extent named Plaintiffs, Claimants and Extra Claimants have provable claims for additional minimum wages under the FLSA, any such claims that may exist are likely to be *de*

*minimis*. Consequently, for the purposes of resolving the disputes in this lawsuit and alleged claims in a fair and reasonable manner, and to resolve all these disputes as efficiently and expeditiously as possible, the named Plaintiffs expressly waive, release and dismiss their *de minimis* minimum wage claims under the FLSA. Similarly, because of their *de minimis* nature, the Claimants and Extra Claimants expressly waive and release their minimum wage claims under the FLSA.

6. The payments contemplated to be made pursuant to this Agreement shall constitute full and complete payment for any and all damages of whatever kind the Plaintiffs in the *Santos-Garcia* litigation, and the Claimants and Extra Claimants with legal claims similar to the Plaintiffs, claim to have or may in the future claim to have against Jackson Citrus with regard to their employment in the 2013-2014 and/or 2014-2015 Florida citrus harvest(s).

7. If the settlement of the Plaintiffs, Claimants, and Extra Claimants' claims in the *Santos-Garcia* litigation contemplated hereby is not consummated because of the default of Jackson Citrus in its payment obligations under this Agreement, and said default remains uncured for a period of fifteen (15) days after written notice to their legal counsel, then the Plaintiffs, Claimants, and Extra Claimants, upon written notice to counsel for Jackson Citrus, shall be entitled to entry of judgment against Jackson Citrus for the total of any Settlement Proceeds as described in Paragraphs 1(a) and 2(a) which is due under the terms of this Agreement and which remains unpaid. Should it fail materially to comply with the provisions of this Agreement, Jackson Citrus shall be

responsible for the costs incurred in the post-default enforcement of this Agreement, including a reasonable attorney's fee.

8. The parties to this Agreement recognize that Rule 4-5.6(b) of the Rules Regulating the Florida Bar does not permit settlement agreements which restrict an attorney's capacity to practice law. Florida Legal Services, Inc. hereby states that it has no knowledge of additional claimants for the 2013-2014 and/or 2014-2015 south central Florida harvest(s) wishing to pursue claims similar to those presented in this action and does not intend to file any further litigation or administrative complaints arising from the employment practices of Jackson Citrus with respect to the 2013-2014 and/or 2014-2015 south central Florida citrus harvest(s). This provision shall in no way prevent Florida Legal Services, Inc. from providing legal representation to the Plaintiffs, Claimants, and/or Extra Claimants in the *Santos-Garcia* litigation, as well as to other individuals with regard to claims arising after November 1, 2015.

9. Neither this Agreement nor any documents executed or prepared, acts done, or orders entered shall be construed as an admission by Jackson Citrus of the validity of any claims asserted in the *Santos-Garcia* litigation, or of any wrongdoing or of any act or omission, nor construed as an admission of any fault or omission in any statement or document, nor offered or received in evidence in any civil, criminal, or administrative action or proceeding against any party other than such proceedings as may be necessary to consummate or enforce this Agreement.

10. This Agreement is and shall be binding upon and inure to the benefit of the predecessors, successors, subsidiaries, affiliates, representatives, assigns, officers and

employees of each of the parties hereto, and in the case of the individual Plaintiffs, Claimants, and/or Extra Claimants in the *Santos-Garcia* litigation, their respective heirs, executors, and administrators.

11. Each of the undersigned affirms that he/she has full authority to bind the respective parties whom he/she represents in this action and to enter into this Agreement on behalf of those parties.

[S<small>IGNATURE</small> P<small>AGE TO</small> F<small>OLLOW</small>]

AGREED AND EXECUTED by the parties, acting by or through their respective undersigned counsel.

For the Plaintiffs, Claimants, and Extra Claimants in the *Santos-Garcia* litigation:

**/s/ Gregory S. Schell**_____   **December 3, 2015**_____
Gregory S. Schell                              Date signed
Florida Bar Number 287199
Karla C. Martinez
Florida Bar Number 287199

FLORIDA LEGAL SERVICES, INC.
MIGRANT FARMWORKER JUSTICE
PROJECT
508 Lucerne Avenue
Lake Worth, Florida  33460-3819
Telephone:    (561) 582-3921
Facsimile:    (561) 582-4884
e-mail:       Greg@Floridalegal.Org
              karla@Floridalegal.Org

*Attorneys for Plaintiffs, Claimants, and Extra Claimants*

For Jackson Citrus, Inc., as their agent and legal counsel:

**/s/  David J. Stefany**_____   **December 3, 2015**_____
DAVID J. STEFANY                               Date signed
Florida Bar No. 0438995
Nicolette L. Bidarian
Florida Bar No. 83795

**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
Telephone:   (813) 251-1210
Facsimile:    (813) 253-2006
Primary: dstefany@anblaw.com
         nbidarian@anblaw.com
Secondary:  tcarnevalini@anblaw.com
*Attorneys for Defendant Jackson Citrus, Inc.*

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| DAMIAN SANTOS-GARCIA, SIMON GUZMAN-ROMERO, TOMAS HERNANDEZ-SILVERIO, and GUILLERMO MARTINEZ-HERNANDEZ, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JACKSON CITRUS INC.,<br><br>Defendant. | Case No. 2:14-cv-00603-SPC-CM |

## INDIVIDUAL RELEASE OF CLAIMS

1. I, [*insert individual name of Plaintiff, Claimant, or Extra Claimant as listed in the Proposed Settlement Agreement*], hereby sign and execute this release ("Release") for the purpose of fully and finally settling all my claims under the Fair Labor Standards Act, the federal regulations of the H-2A Program, and contract common law of Florida, and any other claims that I have, may have, or could have asserted in the above-referenced lawsuit, against Jackson Citrus, Inc., including claims for attorneys fees and expenses, with respect to my employment by Jackson Citrus, Inc. during the 2013-14 and/or 2014-15 Florida citrus harvest seasons..

2. I am a named Plaintiff, or a Claimant or Extra Claimant with legal claims similar to those asserted by the Plaintiffs, in the above referenced lawsuit. I acknowledge that I have reviewed and understand the terms and conditions of the Proposed Settlement

Agreement ("Settlement Agreement") in the *Santos-Garcia* litigation as signed by my counsel on December __, 2015.

3. I hereby acknowledge that in consideration of my execution of this Release, I will receive a payment from Jackson Citrus, which shall be disbursed from the trust account of Plaintiffs' counsel, in the amount of $_____ U.S. Dollars, which will be presented to me by Plaintiffs' counsel in the above-referenced lawsuit. Under the terms of the Settlement Agreement, I understand that to be eligible to receive this money, I am required to return this executed Release to Plaintiffs' counsel by no later than _____ (*twelve months from the date the Court approves the parties' Proposed Settlement*). I further understand that the amount of money that I receive and the other terms of the settlement are confidential, although I can discuss this Release and the terms of my settlement with members of my immediate family.

4. In return for this settlement payment and in consideration for the promises in the Settlement Agreement, I hereby fully and finally release, acquit, discharge, and forever hold blameless Jackson Citrus, Inc., its officers and shareholders, and its managers and members, from any and all claims asserted in the above-captioned lawsuit, and arising out of any cause of action under the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, the H-2A regulations, contract common law, and claims for attorney's fees or expenses, in relation to my employment by Jackson Citrus, Inc. in the area of Labelle, Florida during the 2013- 2014 and/or 2014-2015 Florida citrus harvest season(s).

5. I have read this document, or have had this document read to me, or both, in a language that I understand, and I fully understand it to be a compromise in settlement and release of all claims described herein. I affirm and guarantee that I am of legal age and legally competent to sign this Release, which I have done of my own free will and without reliance on any representation of any kind or character which is not expressly stated in this document or the Proposed Settlement Agreement.

SIGNED AND EXECUTED in accordance with the provisions of the Settlement Agreement this _____ day of _____, 2015.

_____
[*Signature of Plaintiff, Claimant, or Extra Claimant*]

_____
[*Printed Name of Plaintiff, Claimant, or Extra Claimant*]