UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAMIAN SANTOS-GARCIA, SIMON
GUZMAN-ROMERO and
GUILLERMO MARTINEZ-
HERNANDEZ, individually and on
behalf of all other persons similarly
situated

      Plaintiffs,

v.                                    Case No:  2:14-cv-603-FtM-38CM

JACKSON CITRUS, INC.,

      Defendant.

_____

## ORDER

Before the Court is the parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. 32).   The parties provided a copy of the Settlement Agreement for the Court's review.   Doc. 32-1.   The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims.   Doc. 32 at 1.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or compromised.   *Id.* at 1352-53.   The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when an action is brought by

employees against their employer to recover back wages.   *Id.*   When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiffs, Claimants and Extra-Claimants (hereinafter "Plaintiffs") were employed by Defendant to pick citrus fruit in southwest Florida during the 2013-14 and/or 2014-15 harvest season(s).   Doc. 32 at 2.   Plaintiffs are H-2A guest workers from Mexico who brought this action alleging violations under the minimum wage provisions of the FLSA, federal regulations governing the temporary foreign agricultural worker programs, 20 C.F.R. §§ 655.100, *et seq.*, and Florida's common law governing contacts.   *Id.*   Plaintiffs allege in their Complaint that Defendant failed to pay them minimum wages as required by the FLSA for their work picking oranges.   Doc. 1 at 1.   Plaintiffs further allege that Defendant paid

Plaintiffs and their co-workers only their piece-rate earnings, which typically fell below the minimum wage levels dictated by the H-2A regulations.[1]  *Id.* at 1-2. Plaintiffs filed claims for violation of the FLSA, violation of H-2A regulations and breach of employment contract.  *Id.* at 11-16.   The parties now wish to settle this matter and seek the Court's approval of their proposed settlement agreement because some of the claims arise under the FLSA.   Doc. 32.

The Court, however, is unclear as to the claims the parties seek to settle.   The parties' motion states, "Defendant agrees to pay the Plaintiffs, Claimants, and Extra Claimants to this agreement the gross amount of $29,200.00 for FLSA back wages and alleged breach of contract damages," as detailed in the motion.   Doc. 32 at 3-4. Each individual will receive from $1,140.86 up to $2,400.00.   *Id.*   The parties further state that the amounts indicated represent a compromised amount of the FLSA back wages and contractual damages.   *Id.* at 4.   The parties also state that they agree to settle the contract claims under the H-2A regulations.   *Id.*   Later, however, the parties indicate

> [t]he allocation and treatment of the settlement funds take into consideration that during the course of litigating, Plaintiffs obtained information regarding Defendant's payroll practices and concluded that to the extent the named Plaintiffs, or the other claimants, have provable claims for additional minimum wages under the FLSA, the claims are likely to be *de minimis*.   Consequently, as part of the proposed settlement, Plaintiffs and the other claimants are waiving their FLSA claims. As a result, the proposed settlement amounts are paid to resolve

---

[1] Under the H-2A regulations, "[i]f the worker is paid by the hour, the employer must pay the worker at the least the [Adverse Effect Wage Rates], the prevailing hourly wage rate, the prevailing piece rate, the agreed-upon collective bargaining rate, or the Federal or State minimum wage rate, in effect at the time work is performed, whichever is highest, for every hour or portion thereof worked during a pay period."   20 C.F.R. § 655.122(l).

Case 2:14-cv-00603-SPC-CM   Document 37   Filed 05/02/16   Page 4 of 10 PageID 160


the non-FLSA claims of these farmworkers, including their asserted
claims under the federal H-2A regulations and for breach of contract.

*Id.; See also id.* at 6 (noting that "[u]pon review of Jackson Citrus' payroll and
timekeeping records, Plaintiffs concluded that any of the farmworkers' provable
FLSA claims were likely to be *de minimus.*").   The parties reiterate this position in
the proposed settlement agreement stating the payments are based upon claims *other
than minimum wage deficiencies* under the FLSA.   Doc. 32-1 at 8 (emphasis added).
Additionally, the proposed settlement agreement states,

> for the purposes of resolving the disputes in this lawsuit and alleged
> claims in a fair and reasonable manner, and to resolve all these disputes
> as efficiently and expeditiously as possible, the named Plaintiffs
> expressly waive, release and dismiss their *de minimis* minimum wage
> claims under the FLSA. Similarly, because of their *de minimis* nature,
> the Claimants and Extra Claimants waive and release their minimum
> wage claims under the FLSA.

*Id.* at 9.   Thus, the Court is unclear as to whether the compensation Plaintiffs are to
receive is for FLSA back pay along with the claims asserted under the federal H2-A
regulations and for breach of contract, or whether Plaintiffs are simply agreeing to
waive, release and dismiss their FLSA claims, and settle the remaining claims.

If the parties wish to settle this FLSA claims, there are numerous non-
monetary provisions of the proposed settlement agreement and release which may
render the agreement unfair or objectionable.   The proposed settlement agreement
includes confidentiality and waiver provisions and a general release of claims.   Doc.
32-1.

The individual release of claims contain a confidentiality provision.   Doc. 32-
1 at 14.   As discussed in *Dees v. Hydradry, Inc.*, "a confidentiality provision furthers

resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute."   706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010); *see also Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014) (order adopting report and recommendation) (recommending striking non-disclosure provision in FLSA settlement as contrary to congressional intent and frustrating the purpose of the FLSA) (*quoting Dees*, 706 F. Supp. 2d at 1242).   In fact, "courts in this circuit routinely reject FLSA settlement agreements containing confidentiality provisions." *Pariente*, 2014 WL 6389756, at *5 (citing cases).   Additionally, "[p]rovisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-cv-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013).   As set forth in *Dees*, the Court does not consider the settlement to be confidential, and notes that the settlement agreement was filed in the public court record.   Doc. 32-1.

Moreover, in FLSA cases, general releases are typically disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer."   *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and

unbounded scope of the release).   Other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which the plaintiff is entitled under the FLSA. *Weldon v. Backwoods Steakhouse, Inc.*, 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Management Company, LLC*, 6:14-cv-1394-Orl-37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Raynon v. RHA/Fern Park MR., Inc.*, 6:14-cv-1112-Orl-37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014).   In *Weldon*, the court approved a settlement agreement that contained a general release and non-disparagement agreement because they were supported by independent consideration, in addition to the sum the plaintiff would receive from the FLSA settlement.   *Weldon*, 2014 WL 4385593, at *4.   In *Buntin*, the court approved a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed to him under the FLSA, specifically a mutual general release and a specific neutral reference by defendant.   *Buntin*, 2015 WL 3407866, at *3.

Here, not only have Plaintiffs not received any independent consideration for execution of the release, the settlement agreement states that the settlement proceeds are contingent upon Plaintiffs signing the release.   Specifically, the proposed agreement states, "[t]he Plaintiffs, Claimants, and Extra Claimants who fail to timely execute and return such individual releases as outlined above shall not participate in the distribution of Settlement Proceeds."   Doc. 32-1 at 5.   The individual release states, "[u]nder the terms of the Settlement Agreement, I

understand that to be eligible to receive this money, I am required to return this executed Release to Plaintiffs' counsel. . . ." *Id.* at 14.    Additionally, the settlement agreement states that Plaintiffs will waive, release and dismiss their claims under the FLSA.   *Id.* at 9.

These provisions are in direct conflict with the purpose of the FLSA.   The Eleventh Circuit has stated that the FLSA was enacted to protect workers from substandard wages and oppressive working hours.   *Lynn's Food Stores, Inc.*, 679 F.2d at 1352.   Moreover, "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate."   *Id.* (citing *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)).   Additionally,

> [a] statutory right conferred on a private party, but affecting the public interest, may not be waived or released if such a waiver or release contravenes statutory policy. Where a private right is granted in the public interest to effectuate a legislative policy, waiver of a right is so charged or colored with the public interest will not be allowed where it would thwart the legislative policy which it was designed to effectuate.

*Dees*, 706 F. Supp. 2d at 1233.

Here, if the parties request the Plaintiffs waive their FLSA claims, the Court cannot conclude that the settlement is fair and reasonable, because this is in direct conflict with the purpose of the statute.   *Id.*   Moreover, if Defendant is seeking a general release, it must be supported by independent consideration separate and apart from that which Plaintiffs entitled under the FLSA for unpaid wages and liquidated damages.   *Weldon*, 2014 WL 4385593, at *4.   If the parties are seeking only to settle the H-2A regulatory and breach of contract claims, the dismissal of the

FLSA claims must be without prejudice unless the parties can give some reason as to why dismissal with prejudice would be warranted without any consideration. *See Perez-Nunez v. North Broward Hosp. Dist.*, 609 F. Supp. 2d 1319, 1320-21 (S.D. Fla. 2009). In *Perez-Nunez*, the parties filed a joint stipulation for dismissal with prejudice. *Id.* at 1320. The parties stated that no settlement had been reached, and the plaintiff indicated that she no longer wanted to pursue her FLSA claim. *Id.* The defendant argued that because the plaintiff could not receive any compensation for dismissing her claim with prejudice, there was no settlement for the court to approve. *Id.* The court disagreed stating, "[i]f the dismissal sought by the Parties were [sic] without prejudice, the Court would agree that approval would not be necessary, since Plaintiff would not be foreclosing her ability to vindicate any FLSA claim she may have by refiling at a later time." *Id.* (citing *Kerr v. Powerplay Arcade, Inc.*, 2007 WL 3307091, at *1 (M.D. Fla. 2007)). The court, however, recognized that "[g]iven a particularly dubious FLSA claim, it may be possible that a plaintiff's voluntary dismissal with prejudice in return for nothing is a fair and reasonable resolution of the dispute." *Id.* at 1321. Therefore, in *Perez-Nunez*, the court directed the parties to file a motion demonstrating why dismissal with prejudice would be fair and reasonable in that case. *Id.* Accordingly, here if the parties seek to dismiss the FLSA claims with prejudice in return for nothing, the parties must clearly articulate the reasons for doing so.

Here, it is unclear whether the parties are settling the FLSA claims with compensation being provided to Plaintiffs or whether the parties are seeking

dismissal and waiver of the FLSA claims while Plaintiffs receive nothing.   Therefore, the Court directs the parties to re-file the motion and clearly articulate what claims are being settled and the terms of the settlement agreement.   If the parties seek to settle the FLSA claims, the non-monetary provisions of the settlement agreement preclude the Court from finding that the settlement is fair and reasonable, as discussed herein.   Thus, the Court directs the parties to refile for the Court's review an amended settlement agreement with the confidentiality and waiver provisions removed, attached to an amended joint motion for approval of the FLSA settlement agreement.   The settlement agreement also must either remove the general release or explain with specificity what independent consideration the Plaintiffs received in exchange for this provision.   Additionally, if the parties seek dismissal of the FLSA claims with prejudice without any compensation, the parties must explicitly state with supporting case law the reasons that such a settlement should be considered fair and reasonable.

ACCORDINGLY, it is hereby

**ORDERED:**

Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. 32) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 2nd day of May, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record